UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

STEVEN RAY NELSON,                )
                                  )
            Plaintiff,            )
                                  )            CIVIL ACTION NO.
VS.                               )
                                  )            3:04-CV-0828-G
HANK HAVENS and ROCKWALL          )
COUNTY,                           )
                                  )
            Defendants.           )

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the plaintiff, Steven Ray Nelson ("Nelson"),

for a new trial on issues of fact as to his claims against defendants Hank Havens

("Havens") and Rockwall County (the "County").[*]  For the reasons stated below,

Nelson's motion is denied.

## I.  BACKGROUND

This is a *pro se* prisoner case, in which Nelson sought -- pursuant to 42 U.S.C.

§ 1983 ("section 1983") -- monetary damages based on his allegations that Havens

---

[*]        Nelson's original complaint did not name Rockwall County as a
defendant but the Rockwall County Sheriff's Department.  Since it is too late to be
adding new defendants in the case, the court construes Nelson's references to the
County to mean the Rockwall County Sheriff's Department.

and the County, among other defendants, violated his constitutional rights. *See generally* Complaint.  Nelson alleged that Havens, and other officers of various state and municipal law enforcement agencies, used excessive force in effecting his arrest. Complaint at 7-9.  Citing the acts of Havens and the other officers, Nelson further alleged that the municipalities for which each officer worked, including the County, failed to adequately train the officers in their respective employ. *Id.*

This court, adopting the recommendation of the United States Magistrate Judge, dismissed Nelson's claims against Havens and the County in light of the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). Order, filed February 16, 2005.  Judgment in favor of the County was entered on February 17, 2005.  Judgment, filed February 17, 2005.  After the remaining claims against Havens were disposed of on summary judgment, judgment was rendered in his favor on March 8, 2005.  Judgment, filed March 8, 2005.  Nelson timely filed this motion on March 9, 2005.  Motion for a New Trial on Issues of Fact ("Motion to Alter Judgment") at 1.

## II.  ANALYSIS

Because Nelson's claims against Havens and the County were dismissed by this court -- rather than proceeding to trial -- the court will treat his motion for a new trial as a Rule 59(e) motion to alter or amend judgment. *Clancy v. Employers Health*

*Insurance Company*, 101 F.Supp.2d 463, 464 (E.D. La. 2000) (citing *Ford Motor Credit Company v. Bright*, 34 F.3d 322, 324 (5th Cir. 1994)).

"A motion to alter or amend judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotations omitted). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Id.*

In the instant motion, Nelson proffers the same argument he asserted in response to Haven and the County's motion to dismiss based on *Heck v. Humphrey*, 512 U.S. 477, and in his objections to the findings, conclusions, and recommendation of the United States Magistrate Judge ("Findings"), on which this court based its dismissal. Motion to Alter Judgment at 2-4. Specifically, he argues that his excessive force claim against Havens includes actions by Havens which occurred after the assault for which he was convicted. *Id.* Nelson has not established a manifest error of law or fact, nor has he presented newly discovered evidence. Instead he is merely re-urging an argument that has already been considered and rejected by this court. *See* Findings at 12-14; Motion to Alter Judgment at 2-4. Accordingly, he has failed to state a valid reason for this court to alter or amend its judgment in favor of Havens and the County.

- 3 -

### III.   <u>CONCLUSION</u>

For the reasons stated above, Nelson's motion to alter or amend this court's judgment in favor of Havens and the County is **DENIED**.

**SO ORDERED**.

April 21, 2005.

_____
A. JOE FISH
CHIEF JUDGE